# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# WAYCROSS DIVISION

UNITED STATES OF AMERICA, )
 )
v. ) Case No. CR508-018
 )
MICHAEL S. MEECE, )
 )
 Defendant. )

## ORDER

Before the Court is attorney Dewey Hayes's motion for reconsideration of certain wording in the Court's order appointing new counsel for defendant Michael Meece. (Doc. 93.) Specifically, Hayes takes issue with this passage: "Hayes admits that he relied upon Meece's *mother* (a non-lawyer) for research and legal advice and even told her that he was a 'dumbass lawyer' who did not know what he was doing." (*Id.* at 2; doc. 89 at 2-3.) Having "grave concerns that a casual observer would draw incorrect and improper conclusions as to his professional abilities," Hayes asks the Court to reconsider the wording and for an opportunity to suggest corrective wording that will place the language in

a clearer context.  (Doc. 93 at 2.)

While the passage is directly supported by the record (doc. 92 at 5, 10-11, 31-32, 44, 49-50; doc. 92-2 at 4), the Court acknowledges that it omits certain clarifying facts.  Accordingly, the Court **GRANTS** Hayes's motion for reconsideration (doc. 93) and offers the following recitation of the record so that the passage may be understood in context.

As noted in the order appointing new counsel, Hayes worked hard for his client and achieved some measure of success.  (Doc. 89 at 1-3.) Indeed, the Assistant United States Attorney stated that Hayes was reasonable, fair, and engaged.  (*Id.*  at 34.)  Several issues, however, plagued him throughout his time as defense counsel.  For instance, Meece and his family fervently desired that he be released on bond during the proceedings and that he be allowed to visit with his son. (Doc. 92 at 25-28.)  Hayes had little success on either front.  (*Id.*)  After exhausting the standard methods available for seeking such concessions from the Court, Hayes, clearly frustrated with the constant requests, instructed Meece's mother to ask her "friend in the [federal] court

system" for any permissible guidance on those issues.[1] (*Id.*) Later, Hayes successfully objected to the presentence investigation report ("PSI") regarding the total number of marijuana plants seized from Meece's marijuana manufacturing operation, but Meece and his family were convinced that the total number of plants still was exaggerated. (*Id.* at 44-45.) Uncertain how he could obtain a further downward adjustment, Hayes asked Meece's mother to research the difference between a plant and a stem and to find "cases of marijuana busts so he could read those and become familiar with things that he might need to know." (*Id.* at 45.) In a self-deprecating manner, he told her to ask her friend for help and relate that her son's "dumb ass lawyer didn't know what to do." (*Id.* at 44.) Based upon Hayes's admission, her friend told her to "have [her son] file a motion for a new lawyer." (*Id.* at 48.)

Hayes had exhausted all efforts for seeking bond and had successfully argued for a favorable PSI adjustment. Thus, his "professional abilities" appear to have been adequate in this relatively

---

[1] Meece's mother stated Hayes, "would call me, and I'd ask questions. And he would say, "Well, why don't you call your friend and just ask what I can do next." (Doc. 92 at 44.)

straightforward case. Hayes's judgment, however, is another matter altogether. As Hayes now realizes, his "bedside manner" with Meece and Meece's mother, not to mention his unfortunate choice of words ("dumbass lawyer"), leaves little doubt why they lost faith in his representation.

**SO ORDERED** this  7th  day of July, 2009.


 /s/ **G.R. SMITH**
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**